# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. HOVER,<br><br>               Petitioner,<br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | CASE NOS.<br>08CV0522-LAB/05cr2162-LAB<br><br>**ORDER DENYING AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER RE: MOTIONS TO REDUCE SENTENCE; AND**<br><br>**ORDER DENYING HABEAS RELIEF**<br><br>[Dkt. Nos. 54, 59] |

      Petitioner James Hover, a convicted methamphetamine importer, has filed pleadings[1] aimed at reducing his 121-month sentence. The Court construes his pleadings as a motion for habeas relief pursuant to 28 U.S.C. § 2255. *See United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2005) ("[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion.")

---

[1] These consist of a motion filed March 20, 2008 (the "First Motion"); a motion accepted by discrepancy order and filed *nunc pro tunc* to May 7, 2008; and a motion accepted by discrepancy order signed May 21, 2008, which the Court construed as an amended motion replacing his second motion (the "Amended Second Motion"). The Amended Second Motion supersedes the motion it amends. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("[A]n amended pleading supersedes the original.")

1   No filing fee is required for motions brought under 28 U.S.C. § 2255(a).  Therefore, Defendant's IFP Motion is **DENIED AS MOOT**.

With his motion for habeas relief, Hover filed a transcript of the sentencing hearing held January 8, 2008 (Docket no. 44, "Sentencing Tr."). He also filed the transcript of his disposition hearing before Magistrate Judge Barbara Major on January 23, 2006 (Docket no. 45, "Disp. Tr."). The transcripts make clear Hover is entitled to no relief, so no further briefing or hearing is required. See 28 U.S.C. § 2255(b) and (c).

Hover pleaded guilty, and the Court found this plea it was knowing, intelligent and voluntary. (Sentencing Tr. at 4:4–6.) Hover now maintains he was coerced both by his attorney and by the Assistant U.S. Attorney to sign the Plea Agreement. (Amended Second Motion at 2.)

Hover asserts he was coerced into falsely stating at the disposition hearing that no promises outside the Plea Agreement had been made to him. These conclusory claims are unsupported even by his own pleadings. The supposed coercion consisted of nothing more than urging Hover to accept the Plea Agreement (Docket no. 9) in order to avoid the risk of a longer sentence. (Amended Second Motion at 4, 5.)

Hover's sworn testimony at the disposition hearing establishes he voluntarily signed the Plea Agreement. (Disp. Tr. at 19:14–19 (confirming Hover signed the Plea Agreement, intending to be bound by it).) The Court's sentencing discretion was explained (Id. at 14:1–15:20) and Hover testified no one promised him anything other than what was in the written Plea Agreement in order to get him to plead guilty. (Id. at 22:1–4.)

At the sentencing hearing, the Court calculated the guideline sentence as 97 to 121 months, considered the § 3553 factors, and sentenced Hover to 121 months in prison. (Sentencing Tr. at 9:19–10:4, 14:13–14, 15:2–5.) Because Hover's sentence was within the range bargained for, he waived any right to collaterally attack his sentence:

> THE COURT: Mr. Berg [Hover's attorney], does the sentence imposed comport with what was recommended and bargained for under the plea agreement, trigger a waiver of any right to appeal or collaterally attack the judgment of the court?

| | |
|---|---|
| 1 | MR. BERG: Yes, your honor. |
| 2 | THE COURT: I make that finding as well.[2] |

(*Id.* at 17:3–8.)

Hover is thus foreclosed from obtaining habeas corpus relief. The Court finds none of Hover's other arguments are supported by law or the record. His motion pursuant to 28 U.S.C. § 2255(a) is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: May 28, 2008

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[2] At the disposition hearing, Hover personally had confirmed his intent to waive collateral attack as agreed in the Plea Agreement (Plea Agreement at 9:20–10:6), provided he was sentenced to a term within the guidelines range. (Disp. Tr. at 20:21–21:7.)